THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
SAMUEL VAN STAVERN, PLAINTIFF IN ERROR.

Argued March 10, 1902—Decided March 17, 1902.

The denial by a Court of Oyer and Terminer of a new trial in a
criminal case is not reviewable under the provisions of section 136
of the Criminal Procedure act of 1898.

On error to the Camden Oyer and Terminer.

For the plaintiff in error, *Frederick A. Rex.*

For the state, *Frank T. Lloyd,* prosecutor of the pleas.

The opinion of the court was delivered by

MAGIE, CHANCELLOR.   The return to this writ of error dis-
closes a rule to show cause, allowed by the Court of Oyer and
Terminer, why a verdict in a criminal case should not be set
aside and a new trial ordered, and the proceedings upon the
rule resulting in its discharge.

It is contended that the action thus disclosed is reviewable
under the provisions of section 136 of the Criminal Procedure
act of 1898.

The conclusion of the court is that the legislation now em-
bodied in that section requires us to review the proceedings
had upon the trial in criminal cases, and does not extend to
the review of proceedings after a trial has been concluded by
a verdict.   We find therein no indication of a legislative in-
tent to require us to review the discretion of the criminal
court on an application for a new trial.

Since the point thus deemed to preclude consideration of
the case thus presented is novel, it is not improper to say
that, having considered the matter disclosed by the return, we
are all of opinion that the rule was properly discharged.   The
language of the prosecutor, in addressing the jury, which was
complained of, was immediately explained by him not to

have the meaning which was imputed to it, and he instantly declared the true rule respecting the duty of the jury in determining the facts. The defendant did not call upon the court to make any ruling or give any instruction on the subject. The failure of the court to do so, under the circumstances, was not erroneous, nor was any wrong or injury done thereby to the defendant, within the meaning of the section in question.

The judgment must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, COLLINS, FORT, GARRETSON, HENDRICKSON, PITNEY, BOGERT, ADAMS, VREDENBURGH, VROOM. 13.

*For reversal*—None.